# F. S. Pears et al., Plffs. in Err., v. J. C. Barnes et al.

Articles filed to create a limited partnership association, under the act of June 2, 1874, and supplementary acts, which did not show; (1) the full names of all the members; (2) how the subscriptions to the capital were to be paid; (3) the location of the business; (4) whether the subscriptions to capital were made in cash or in property; and which showed that the amount of the capital subscribed was $625, while the amount fixed was $5,000,—*Held*, wholly insufficient to create a limited partnership; and, therefore, that the subscribers were personally liable as ordinary partners for the full amounts of debts of such company.

(Decided October 26, 1885.)

Error to the Common Pleas of Mercer County to review a judgment for plaintiff. Affirmed.

The Sandy Lake Co-operative Association, Limited, composed of the plaintiffs in error, was organized under the act of June 2, 1874, and its supplements, by articles of association as follows:

"To all to whom these presents shall come, be it known, that

---

Cited in Sheble v. Patterson, 5 Kulp, 155.

NOTE.—The general doctrine established under the "limited partnership" laws existing in many of the states (which allow an individual to contribute a specific sum to the capital of the firm, and to limit his liability for losses to that amount, by complying with certain requirements as to filing articles and certificate of payment, publishing notice, etc.) is that, unless the directions of the statute are completely obeyed, the special partnership authorized is not created, but the contracts of the firm bind the intending

agreeably to an act of assembly, passed June 2, A. D. 1874, entitled 'An Act Authorizing the Formation of Partnership Associations,' in which the capital subscribed shall alone be responsible for the debts of the association, the undersigned hereby enter into a partnership, under the style and title of the Sandy Lake Co-operative Association, Limited, engaging in the busi-

special partner as a general one. Bement v. Philadelphia Impact Brick Mach. Co. 12 Phila. 494; Re Merrill, 12 Blatchf. 221, 13 Nat. Bankr. Reg. 91, Fed. Cas. No. 9,467; Re Terry, 5 Biss. 110, Fed. Cas. No. 13,836; Pierce v. Bryant, 5 Allen, 91; Argall v. Smith, 3 Denio, 435, Affirming 6 Hill, 479; Beers v. Reynolds, 11 N. Y. 97; Haviland v. Chace, 39 Barb. 283; Andrews v. Schott, 10 Pa. 47; Richardson v. Hogg, 38 Pa. 153; Van Riper v. Poppenhausen, 43 N. Y. 68; Vandike v. Rosskam, 67 Pa. 330; Levy v. Lock, 5 Daly, 46, 47 How. Pr. 394; Van Ingen v. Whitman, 62 N. Y. 513; Durant v. Abendroth, 9 Jones & S. 53, 69 N. Y. 148, 25 Am. Rep. 158; Pfirmann v. Henkel, 1 Ill. App. 145.

A general description of the extent of the property, or a lumping valuation, is not such a schedule as Pa. act May 1, 1876, requires. Maloney v. Bruce, 94 Pa. 249.

The affidavit to accompany the certificate need not follow the exact words of the statute; if it avers the facts required by the law it is sufficient, and it may be explained by reference to the certificate. Johnson v. McDonald, 2 Abb. Pr. 290.

A certificate filed with intent to create a limited partnership, which states that the intended special partner has contributed a certain sum in cash and a certain value in goods, is insufficient, and the parties are liable as general partners. Re Merrill, 12 Blatchf. 221, 13 Nat. Bankr. Reg. 91, Fed. Cas. No. 9,467.

Upon the general subject of limited partnerships of this class, see Freedley, Lim. Partn. Law, 1883; Lindley, Partn. 4th ed. Eng. 1878; Abbott's Nat. Digest, title, *Partnership,* V; Abbott's N. Y. Digest, title, *Partnership,* XII.

Though this case would seem to the contrary, it is sufficient to set forth the names by which the partners are generally known. Gearing v. Carroll, 151 Pa. 79, 24 Atl. 1045; Laflin & R. Co. v. Steytler, 146 Pa. 434, 14 L. R. A. 690, 23 Atl. 215.

Members of a limited partnership are liable as general partners if the act of 1874 regulating organization is not complied with. Vanhorn v. Corcoran, 127 Pa. 255, 4 L. R. A. 386, 18 Atl. 6. Or if the statements as to contributions are false. Hite Natural Gas Co.'s Appeal, 118 Pa. 436, 12 Atl. 267; Hill v. Stetler, 127 Pa. 145, 12 Cent. Rep. 138, 13 Atl. 306, 17 Atl. 887. The question of the invalidity of the organization is properly raised by a suit against the members. Eliot v. Himrod, 108 Pa. 569. See Brown v. Benner Syphon Trap Co., 18 W. N. C. 114. But the members cannot take advantage of the defect. Egbert v. Kimberly, 146 Pa. 96, 23 Atl. 437. Nor can a creditor who participates in the organization, and has full knowl edge of all the circumstances. Allegheny Nat. Bank v. Bailey, 147 Pa. 111, 23 Atl. 439.

ness of general merchandise; and they further agree to pay the amount set opposite their names to the treasurer of this association. This association to continue in business for not more than five years. The total amount of capital of the said association is to be $5,000. The names of the officers of the above association are: J. M. Carnahan, President; J. A. De France, Secretary; J. M. Galloway, Treasurer; and Directors, F. S. Pears and Stephen Smith.

"Signed and entered into this 23d day of April, 1877, at Sandy Lake, Pa."

Then followed a list of 51 names, many of which were not written out in full, with sums set opposite them, aggregating $625; and also a certificate of a justice of the peace to the acknowledgment of the instrument.

The general business of the association was carried on as required by the act of assembly until April 23, 1882, at which time it expired under the terms of its organization. When the business of the association came to be wound up, it was found that it was insolvent.

This suit, among others, was brought against the individual members, as having composed an ordinary partnership. There was no question of law as to the indebtedness, and a verdict was taken in favor of the plaintiffs for the amount of their claim, "subject to the opinion of the court as to whether the articles of association offered in evidence by the defendants are sufficient under the law to constitute a limited partnership association." The court below filed an opinion, holding that the terms of the act had not been complied with, and that, therefore, the members composing the same were liable individually. The important portion of the opinion was as follows:

Opinion below: The act of June 2, 1874, and supplements, secure to associations formed under them unusual rights, exemptions, and immunities. Such associations are quasi corporations, and are distinguishable from ordinary corporations, rather by the ease with which they are created than through any substantial privilege not common to both. These privileges are to be secured on the terms prescribed in the statutes granting them. The provisions of the statutes are not merely directory, but are conditions imperative, precedent to the vesting of the rights created by the statutes. For "no partnership is a limited one under our act of assembly unless it be formed in com-

pliance with the requisitions of the act." Richardson v. Hogg, 38 Pa. 156.

The reason of this principle, which was applied to partnerships wherein the liability of only part of the members was limited, is applicable with double force to those in which the liability of all the members is limited to the capital subscribed.

What are the requirements of the act of June 2, 1874, and its supplements, invoked by defendants to protect them from individual liability in this case? An examination of the original act, and its supplements enacted February 18, 1875, and May 1, 1876, show, at least, the following: (1) An association must be formed by agreement of its members for the conducting of some lawful business or occupation. (2) A statement in writing must be signed and acknowledged by the members, and recorded, containing the following essentials, viz.: The full names of the members of the association; the amount of capital subscribed by each; the total amount of capital of the association and when and how to be paid; the character of the business to be conducted and the location of the same; the contemplated duration of the same; the names of the officers of said association, selected in conformity with the provisions of the act; a certificate as to whether the subscriptions to the capital were made in cash or in property; when property has been contributed as part of the capital, a schedule containing the names of the parties so contributing, with a description and valuation of the property so contributed.

Comparing the statement relied upon by defendants with the acts of assembly, we find the following deficiencies: (1) The full names of only a few of the members are given. (2) The amount of capital subscribed was $625, while the amount fixed by the statement is $5,000. (3) It is not stated when nor how the subscriptions to the capital were to be paid. (4) The location of the business is not specified. (5) It contains no certificate as to whether the subscriptions to the capital were made in cash or in property.

The essentiality of the several parts of the statements prescribed in the acts of assembly does not depend upon their apparent value or importance. It is the province of the legislature granting a privilege to fix the terms of the grant. The terms so fixed are the price of the grant, which must be paid before the grantees will be entitled to the privilege. The ques-

tion, therefore, is, not whether the terms are important or unimportant, but, Has the price been paid for the privilege claimed? Have the conditions precedent to the vesting of the grant been fulfilled? The materiality of the defects in the instrument relied upon by defendants is, however, apparent. It is important that there be certainty as to the members composing such an association, for contingencies may arise under the act which would entitle creditors to execution against the individual members. This certainty is best obtained when the names are written in full. It is important that the capital be subscribed in good faith, and that this amount be correctly stated, for the scope of the business of such an association and the extent of its commercial credit must necessarily depend upon the amount of its capital. The company, therefore, should not invite credit to the amount of $5,000 when the true amount of its capital is but $625. It is likewise important that the public be informed how much of the capital remains unpaid, and when and how it is to be paid; so that, by knowing the amount so owed to the concern, together with the names of the members owing this balance, a correct estimate can be made of its value. Again; the acts plainly intend that such an association shall not be migratory; that the public may not be confused by the use of the same name by different associations, and the creditors may know where to find their debtor. Hence, it is important that the location be specified. Lastly, the capital of an association formed in accordance with the acts of assembly is the only security which creditors have for the payment of their claims. It is, therefore, important to know of what that capital consists, whether it was contributed in cash or in property, and that such information be given concerning the property as will enable the public to estimate its value.

Is, then, the instrument put in evidence by defendants sufficient to secure to them the benefits of a limited partnership association? This is not a case where such an association has been regularly formed, but irregularly conducted; nor where subscriptions have been made but not paid according to the requirements of the act; nor is it similar to a case where a charter has been granted to certain persons to act as a corporation and they are actually in possession and enjoyment of the corporate rights granted, without having fulfilled a condition precedent to their right to the enjoyment of full corporate existence. The defend-

ants are not in possession of a charter of incorporation. They are simply an association of individuals joined in conducting the business of general merchandise. It is true that, on forming their association, they sought to limit their liability to the capital subscribed by them; but the instrument they executed and rely upon for that purpose shows on its face a failure to comply with the terms on which the desired exemption was offered. It follows, therefore, that this instrument is not sufficient, under the law, to create a limited partnership association.

To review the judgment entered on this opinion, the defendants brought error.

*S. R. Mason* and *Miller & Gordon* for plaintiffs in error.

*J. G. Elliott* and *Johnson Pearson,* for defendants in error.— If the statement relied upon by plaintiffs in error to create a limited partnership is not in conformity with the statutes, the members of that partnership are general partners and, as such, individually liable for the debts of the association. Eliot v. Himrod, 16 W. N. C. 189.

Their compliance with the requirements of the act must be strict in order to make them limited partners. Maloney v. Bruce, 94 Pa. 249; Argall v. Smith, 3 Denio, 435.

No partnership is a limited one under our acts of assembly, unless it be formed in compliance with the requisitions of the act and this compliance must be strict. Richardson v. Hogg, 38 Pa. 153; Smith v. Argall, 6 Hill, 479; Andrews v. Schott, 10 Pa. 47.

"Where a statute creates new rights, exemptions, and immunities dependent on a compliance with precedent conditions, that such conditions must be substantially, and even strictly, complied with, needs the citation of no authority to prove." Argall v. Smith, 3 Denio, 435.

PER CURIAM:

The opinion of the learned judge very clearly and satisfactorily shows that these articles of association do not contain the essential requisites to constitute a limited partnership, under the act of assembly. There is no error in the judgment.

Judgment affirmed.